# United States Court of Appeals
### For the Eighth Circuit

_____

No. 19-1599
_____

United States of America

*Plaintiff - Appellee*

v.

Bryan Curtis Odem

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: January 14, 2020
Filed: April 14, 2020
[Unpublished]

_____

Before BENTON, GRASZ, and STRAS, Circuit Judges.

_____

PER CURIAM.

Bryan Curtis Odem pled guilty to unlawfully possessing a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court[1] sentenced him to 84

---

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

months' imprisonment. He appeals the application of a four-level sentencing enhancement under U.S.S.G. § 2K2.1(b)(6)(B) for possessing the firearm in connection with another felony. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

In July 2018, Odem, a convicted felon, stole a firearm and transported it on foot to his fiancée's home in Newton, Iowa. United States Sentencing Guideline § 2K2.1(b)(6)(B) increases a defendant's base offense level if the defendant "used or possessed any firearm or ammunition in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6)(B). The district court applied the enhancement, concluding that Odem's possession of the firearm violated both federal law and Iowa Code § 724.4(1), which provides, in relevant part, "a person who goes armed with a dangerous weapon . . . within the limits of any city . . . commits an aggravated misdemeanor." Iowa Code § 724.4(1).

Odem asserts application of the enhancement is improper "double counting" because he could not commit the federal crime without committing the state crime and vice versa. This court reviews the application of the sentencing guidelines de novo. *United States v. Houston*, 920 F.3d 1168, 1174 (8th Cir. 2019). As Odem concedes, this court has rejected his argument. *See United States v. Walker*, 771 F.3d 449, 452-53 (8th Cir. 2014) (holding that when a defendant is convicted of being a felon in possession of a firearm in a manner that also violates Iowa Code § 724.4(1), she or he possesses the firearm in connection with another felony offense under U.S.S.G. § 2K2.1(b)(6)(B)). This panel is bound by this precedent. *See United States v. Manning*, 786 F.3d 684, 686 (8th Cir. 2015) ("A panel of this Court is bound by a prior Eighth Circuit decision unless that case is overruled by the Court sitting en banc.").

The judgment is affirmed.

GRASZ, Circuit Judge, concurring.

While I agree Odem's claim of improper "double counting" cannot prevail in light of *United States v. Walker*, 771 F.3d 449 (8th Cir. 2014), the facts of this case highlight the need to reconsider *Walker*. Odem is receiving U.S.S.G. § 2K2.1(b)(6)(B)'s four-level enhancement for no practical reason other than that he violated 18 U.S.C. §§ 922(g)(1) and 924(a)(2) within Newton, Iowa, city limits. *See* U.S.S.G. § 2K2.1(b)(6)(B); Iowa Code § 724.4(1). Odem is apparently no angel, at least judging by his past record. Yet, the law should not be applied arbitrarily even to one whose behavior might seem deserving of a harsh sentence. The facts of this case help demonstrate the absurd results produced by application of the four-level base enhancement pursuant to *Walker*.

On July 14, 2018, Odem was present at the home of his fiancée in Newton, Iowa. He was standing outside when he saw Franklin Welcher driving down the street. Welcher owed money to Odem's fiancée. Odem motioned to Welcher to pull into the driveway. An altercation ensued — each accusing the other of starting it. Welcher, however, agreed to go home and get the money he owed. He returned with only $13.00. Not satisfied, Odem then rode with Welcher back to Welcher's home to get something that could be held as collateral for the rest of the debt. Welcher gave Odem a firearm. Odem returned on foot to his fiancée's home and placed the gun under a drawer in a dresser.

Meanwhile, Welcher called the police and reported that Odem had "stolen" the gun. Odem, in his objections to the PSR, expressly objects to any characterization of the gun as stolen: "that is not true, the alleged victim volunteered to give Defendant collateral to show his good faith to repay the loan to Defendant's fiancée; the alleged victim chose to give Defendant the gun." In any event, the relevant conduct implicating *Walker* is not theft. Rather, it is that Odem violated Iowa's "carrying

weapons" law since he walked, however briefly, with his illicit collateral in Newton city limits to put it in safe keeping.

As the government states in its brief, "Iowa's carrying weapons law prohibits walking and driving in city limits with a firearm, subject to certain exceptions not applicable here." The government argued that application of the enhancement for violating the "carrying weapons" law is not double counting, stating, "It was one thing for Odem to be at his fiancée's house where he possessed a firearm which could have arrived there by any number of means, and quite another to walk about town with it." Perhaps, but this distinction strikes me as completely divorced from the goals of the sentencing guidelines.

I maintain the four-level enhancement should not be available in circumstances where the "act of possessing a firearm in violation of federal law is inextricably entwined with [the] act of possessing a firearm within city limits in violation of Iowa law." *United States v. Stuckey*, 729 F. App'x 494, 496 (8th Cir. 2018) (unpublished) (Grasz, J., concurring). Increasing sentences in these circumstances does not further the purpose of U.S.S.G. § 2K2.1(b)(6)(B), and I doubt the sentencing commission intended this result. *Id.*

_____